JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Louis Allen Browning appeals from the domestic violence protection order entered by the Hamilton County Court of Common Pleas, Domestic Relations division, on January 24, 2000, and from that court's February 8, 2000 overruling of his motion to set aside the order. Raising two assignments of error, Browning claims that the domestic relations court lacked jurisdiction to issue the order, and that the court erred in considering and in weighing hearsay evidence of harm to the victim, Browning's former girlfriend Lynne Andrea Wilson.
A review of the record, including transcripts of the proceedings before the magistrate and before the domestic relations court, reveals that the court heard ample evidence that Wilson moved to a Cincinnati apartment on December 26, 1999, before she was accosted by Browning at a radio station located in Hamilton County, Ohio. Accordingly, the trial court had authority to issue a protective order even though some of the events recounted in court occurred in Kentucky. See R.C. 3113.31(E); see, also, Felton v. Felton (1997), 79 Ohio St.3d 34,679 N.E.2d 672, paragraph two of the syllabus.
Moreover, Browning did not object to the admission of hearsay evidence during the proceedings below. He is now precluded from claiming error except to the extent that the record reflects plain error. See Evid.R. 103(A). The magistrate and the trial court afforded both parties ample opportunity to speak and to cross-examine the other party. As the record does not demonstrate prejudice to Browning, admission of this testimony did not rise to the level of plain error. See Evid.R. 103(D).
As there is some competent, credible evidence to support the domestic relations court's decisions that it had jurisdiction and that Wilson was in fear of imminent serious physical harm, we will not reverse the decisions as being against the manifest weight of the evidence. See C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus; see, also, R.C.3113.31(A). The two assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.